KM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gbiri Kikelomo, | No.    CV-26-01472-PHX-JJT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Fred Figueroa, *et al*., | |
| Respondents. | |

Self-represented Petitioner Gbiri Kikelomo, who is confined in the Eloy Detention Center, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee.  The Court will dismiss the Petition and this action without prejudice.

In the Petition, Petitioner challenges her continued immigration detention and names the following Respondents: former Eloy Detention Center Warden Fred Figueroa, Immigration and Customs Enforcement (ICE) Field Office Director Jason Ciliberti, United States Attorney General Pamela Bondi, and Department of Homeland Security Secretary Kristi Noem.

Petitioner is a native and citizen of Nigeria who entered the United States on January 11, 2023.  Petitioner was taken into ICE custody on July 21, 2025.  (Doc. 1 at  2.) On October 14, 2025, an Immigration Judge ordered Petitioner removed to Nigeria.  (*Id.* at 3.)  Petitioner appealed the decision to the Board of Immigration Appeals (BIA) and the appeal remains pending.  (*Id.*)  On January 26, 2026, Petitioner had a bond hearing and was denied bond.  (*Id.* at 9.)

Petitioner claims her continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), because her detention is prolonged and removal is not significantly likely to occur in the reasonably foreseeable future. (*Id.* at 4-12.) Petitioner seeks release from custody. (*Id.* at 4.)

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Because Petitioner's appeal is still pending, her order of removal is not final and the 90-day removal period has not yet begun. *See* 8 C.F.R. § 1241.1 (stating in part that an order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . . [u]pon waiver of the appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."). Accordingly, Petitioner is not entitled to relief under *Zadvydas,* and the Court will dismiss the Petition.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed without prejudice**.

(2)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 4th day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge